IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2008 SEP -4 A 10: 03

JAMES ARTHUR BROOKS,                    *           CRIM. NO.# 2:06cr99-WKW
        Petitioner,           DEBRA P. HACKETT, CLK*
                              U.S. DISTRICT COURT *
vs.                           MIDDLE DISTRICT ALA*
                                                *
UNITED STATES OF AMERICA,                       *
        Respondent.                             *
_____

**MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)
FOR THE MODIFICATION/REDUCTION OF SENTENCE**

**COMES NOW,** Petitioner, James Arthur Brooks, in pro-se, without the assistance of a trained professional attorney, citing and invoking Haines v. Kerner, 404 U.S. 519 (1972)("**Pro-se pleadings are held to less stringent standards than formal papers drafted by lawyers**"), moving this Honorable Court for relief to have his imposed sentence of 60 months imprisonment and 3 years supervised release, reduced by the removal of 2 levels where the Court double counted his punishment for the weapon charge in violation of Amendment 599, which prohibits such enhancements.

**JURISDICTION**

Section 3582(c)(2) grants the district court discretion to modify a previously imposed term of imprisonment when the Sentencing Range has subsequently been lowered by the Sentencing Commission. See: United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

1.

## STATEMENT AND FACTS OF THE CASE

1. In 2005, Petitioner Brooks was indicted by the grand jury and charged as follows: That on or about October 9, 2005, in Montgomery Court of Alabama, James Brooks, having been convicted in the Circuit Court of Montgomery County Alabama, for unlawful distribution of a controlled substance case, No.# cc-93-942, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, knowingly possessed a firearm, a savage, model 77D shotgun, a better description that is, unknown to the grand jury, in violation of 18 U.S.C. § 922(g)(1).

2. On April 13, 2006, Petitioner Brooks appeared before the U.S. Magistrate Judge Delores R. Boyd for an initial appearance and entered a plea of not guilty. Petitioner Brooks was released on a $25,000 unsecured bond with pretrial conditions.

3. On October 13, 2006, Petitioner Brooks appeared with his attorney before U.S. Magistrate Judge Delores R. Boyd and entered a guilty plea to the indictment. **There was no plea agreement in this case.**

4. On January 22, 2007, Petitioner Brooks was sentenced by U.S. Judge Watkins in the Middle District, District Court of Alabama to 60 months imprisonment, and 3 years supervised release.

5. The Base Offense Level in this case for a violation of 18 USC § 922(g)(1) was found at U.S.S.G. § 2K2.1. Pursuant to U.S.S.G. 2K2.1(a)(3), the base offense level is 22, if (A)(ii) the offense involved a firearm that is described in 26 U.S.C. § 5845(a)(A)(ii) and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of

violence or a controlled substance offense.

6. In this case, two points (levels) were added to the base offense level of 22, pursuant to U.S.S.G. § 2K2.1(6)(4) improperly, which brought the total base offense level to 24.

## ARGUMENT FOR RELIEF

7. Amendment 599 to the U.S. Sentencing Guidelines became effective November 1, 2000. The purpose of the Amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 USC § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under § 1B1.3 (relevant conduct).

8. In this case, Petitioner Brooks was indicted and charged with the violation of 18 USC § 922(g)(1), and the offense involved a firearm that is, described in 26 USC § 5845(a)(A)(ii) and (b), which pertains to Firearms, and also firearms without serial numbers. See: 26 USC § 5842(b):

> (b) Firearms without serial number. - Any person who possesses a firearm, other than a destructive device, which does not bear the serial number and other information required by subsection (a) of this section shall identify the firearm with a serial number assigned by the Secretary and any other information the Secretary may by Regulations prescribe. Id.

9. Petitioner Brooks received the charge for the weapon offense, and also a guideline enhancement for the same weapon which is not permitted. The language of the guideline enhancement is as follows:

> Specific Offense Characteristics: Pursuant to USSG § 2K2.1(6)(4) if any firearm was stolen, or had an altered or obliberated serial number, increase by 2 levels. The serial number was obliberated. Id.

3.

10. In accordance with Amendment 599, the purpose of the Amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles. The relevant application note to § 2K2.4 previously stated that if a sentence was imposed under § 2K2.4 in conjunction with a sentence for "an underlying offense," **no weapon enhancement should be applied with respect to the guideline for the underlying offense.** See: United States v. Smith, 196 F.3d 676, 679-82 (6th Cir. 1999)(**a conviction under 18 U.S.C. § 922(g) qualifies as an "underlying offense," and thus, application of the enhancement in § 2K2.1(b)(5) was impermissible double-counting**). See also, United States v. Knobloch, 131 F.3d 366, 372 (3d Cir. 1996)(**error to apply guideline enhancement in addition to statutory penalty "even if the section 924(c)(1) sentence is for a different weapon than the weapon upon which the enhancement is predicated."**). The Eleventh Circuit Court of Appeals have interpreted "underlying offense" to mean "crime of violence" or "drug trafficking offense" that forms the basis for the 18 USC § 924(c) conviction. United States v. Flennory, 145 F.3d 1264, 1268-69 (11th Cir. 1998).

11. In sum, The amendment clarifies application of the commentary, consistent with the definition of "offense" found in § 1B1.1 (Application Note 1 (1)) and with general guideline principles. It addresses disparate application arising from conflicting interpretations of the current guideline in different courts, and is intended to avoid the duplicative punishment that results when sentences are increased under both the statutes and the guidelines for substantially the same harm. Id. See: Amendment 599.

12. Petitioner Brooks in this case was punished twice for the same harm. The prejudice he received is a longer sentence which should be reduced in accordance with Amendment 599.

4.

## CALCULATION OF BROOKS SENTENCE

13. Brook's Base Offense Level for violation of 18 USC § 922(g)...Level 22

14. Brook's base offense level increase by guideline enhancement..Level 24

15. Brook's base offense level for acceptance of responsibility...Level 22

16. Brook's sentencing range 51-63 months of imprisonment at History...III

17. Thus, if Petitioner Brooks did not receive the guideline enhancement of two levels, his base offense level would have been lower, and his sentencing range to reflect the following range:

* Base Offense Level 22
* Acceptance of Responsibility -2 levels
* Total Base Offense Level 20, with a criminal history category of III = range between 41 - 51 months of imprisonment.

## CONCLUSION

**WHEREFORE,** Petitioner Brooks Prays this Honorable Court would grant this motion, and have his base offense level modify to level 20, and resentence him without a hearing to 41 months of imprisonment under the new amended guideline range in accordance with Amendment 599, respectfully.

Respectfully submitted this 2 day of September 2008.

*James A. Brooks*
James A. Brooks, No.# 11924-002
Federal Prison Camp Montgomery
Maxwell Air Force Base,
Montgomery, Alabama 36112

5.

## CERTIFICATE OF SERVICE

I, James Brooks, Declare under the penalty of perjury, that I have served the parties listed below at their addresses with the foregoing motion pursuant to 18 USC § 3582(c)(2) for the reduction of sentence, on this _2_ day of _September_ 2008, by placing same into the U.S. Postal Service Mail Box on the compound of FPC Montgomery, in prepaid envelopes respectfully.

*James A. Brooks*
James A. Brooks, No.#11924-002
Federal Prison Camp Montgomery
Maxwell Air Force Base
Montgomery, Alabama 36112

**Interested Partie(s):**

Clerk of the Court
United States District Court
For The Middle District of Alabama
Frank M. Johnson Jr. Federal Building
U.S. Courthouse, 1 church street,
Post Office Box 711,
Montgomery, Alabama 36101.

6.